UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOE JACKSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 2842 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Joe Jackson Jr. was driving his motor scooter when a postal truck made a U-turn in front of him. He braked and then laid the scooter down on the pavement and slid to avoid hitting the truck. He brings this action under 28 U.S.C § 2671, *et seq.*, the Federal Tort Claims Act, alleging that the driver of the postal truck was negligent and so defendant United States of America is liable for his injuries.

Defendant moves for summary judgment, arguing that under Missouri law plaintiff is solely responsible for his injuries because he could have avoided the accident had he been driving more slowly or had he driven around the postal vehicle. I conclude that genuine disputes of material fact remain and therefore summary judgment cannot be granted.

## Background

The incident occurred on March 31, 2016, on Brotherton Lane, a residential street located in Ferguson, Missouri. Plaintiff was driving his scooter westbound on Brotherton Lane. The weather was sunny and the street was dry. Plaintiff had a clear line of sight as he drove down the street. At that point Brotherton had both a hill and a curve. The speed limit on Brotherton Lane is twenty-five miles per hour. Grove Avenue dead-ends onto Brotherton.

The postal truck driver, Chaprisse Jones, turned on to Brotherton Lane from Grove, attempting to make a U-turn. She testified that she looked both directions and saw no oncoming traffic. Plaintiff testified that when he first saw the postal truck it was in the middle of the street and appeared to be turning left. He was about four car lengths away from the truck. He applied his brakes. When the postal driver saw plaintiff she stopped making the U-turn. Plaintiff believed he could not stop in time to avoid hitting the postal vehicle and so laid down or "dumped" the scooter on the pavement. There was no collision. Plaintiff was injured when he dumped his scooter.

## Discussion

Summary judgment is appropriate when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). I must view the evidence in the light most favorable to the nonmoving party and accord him the benefit of all reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007). Where sufficient evidence exists to support a factual dispute, a jury must resolve the differing versions of truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is considered "material" if it "might affect the outcome of the suit under the governing law." *Id.*

Under Missouri law, a claim of negligence requires: (1) a duty of care owed to plaintiff; (2) breach of duty; (3) the breach was the direct and proximate cause of the injuries; and (4) the plaintiff suffer actual damages. *Crane v. Drake*, 961 S.W.2d 897, 901 (Mo. Ct. App. 1998). A driver operating a motor vehicle has a duty to exercise the highest degree of care. *Id*. Generally, negligence is an issue for the trier of fact. *Kuehle v. Patrick*, 646 S.W.2d 845, 847 (Mo. Ct. App. 1982).

Defendant argues that it is entitled to summary judgment because, as a matter of Missouri law, plaintiff's failure to avoid the accident was the sole proximate cause of his injuries. Defendant relies on *Gower v. Trumbo*, 181 S.W.2d 633 (Mo. 1933), which defendant says held that "an individual who fails to

maintain a safe speed under the circumstances or fails to turn/swerve is the sole proximate cause of his own injuries in an accident involving a U-turning vehicle." [ECF # 35 at p. 6]. Defendant both reads *Gower* too broadly and interprets the evidence in this case in the light most favorable to itself, instead of in the light most favorable to the plaintiff. *Gower* was decided after a jury trial, and the issue was whether a "sole cause" instruction should have been submitted to the jury. The case does not determine the outcome of a summary judgment motion where evidence is disputed.

Defendant argues that the following evidence supports its motion: Plaintiff testified in his deposition that he laid the scooter down because he did not believe he could stop in sufficient time to avoid hitting the postal truck. He also testified that if he had been driving more slowly he could have avoided the accident. Plaintiff also testified that, based on the photograph shown at the deposition, there was room for the bike to have gone around the truck. Defendant presented testimony of a police officer who measured skid marks at the scene, and presented the affidavit of a witness who believes that plaintiff was travelling at a rate of 40 miles per hour.

This evidence shows that exactly what happened is disputed, and summary judgment is not appropriate. Plaintiff did not concede that he was traveling too fast

4

under the circumstances, he merely agreed that he could have avoided the accident if he had been driving more slowly. This does not prove negligence on his part. Presumably plaintiff could have avoided the accident if he had been walking the scooter rather than driving it, but that does not mean his speed during the accident was excessive. Whether he could have avoided the accident by driving around the truck similarly depends on speed and other facts that have not been provided to the court. This is a classic case requiring a trial.

While eye witness testimony estimating speed may be admissible, *see Hewitt v. City of Kansas City,* 761 S.W.2d 679, 681 (Mo. Ct. App. 1988), it is not determinative of the question of negligence. Similarly, while skid marks may be relevant, the cause of the skid marks and whether they show that plaintiff was traveling at an excessive speed is a factual issue that cannot be resolved on a motion for summary judgment. *Roy v. Missouri Pac. R.R. Co.*, 43 S.W.3d 351, 361 (Mo. Ct. App. 2001) (declaring that the responding officer's conclusion as to the cause of the skid marks was inadmissible evidence since the responding officer was treated as a lay witness and did not witness the accident).

Factual disputes exist that preclude summary judgment.

Therefore,

**IT IS HEREBY ORDERED** that defendant United States of America's Motion for Summary Judgment [33] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to strike and substitute a corrected version of its response to the motion for summary judgment [37] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of March, 2019.